## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>SAFE HARBOUR FOUNDATION OF FLORIDA, )<br>INC., a Florida corporation, *et al.*, )<br>)<br>Defendants. )<br>) | Civ. No. 08 C 1885<br>Judge Guzman |

### MOTION TO CONTINUE INITIAL STATUS HEARING

Plaintiff, the Federal Trade Commission ("FTC" or "the Commission"), submits this Motion to Continue Initial Status Hearing. In support of this motion, the Commission states as follows:

1. On March 17, 2008, this Court entered a minute order setting a status hearing for March 25, 2008. The minute order requires the parties to meet at least 14 days prior to the status hearing and submit a written report including a discovery plan no later than March 20, 2008.

2. The Commission filed this action on February 27, 2008, alleging that the defendants' mortgage foreclosure rescue scam violates the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601-1666j (including the Home Ownership and Equity Protection Act of 1994 ("HOEPA"), 15 U.S.C. § 1639), an implementing regulation of TILA entitled Regulation Z, 12 C.F.R. Part 226, and Section 5(a) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 45(a).

3. Also on February 27, 2008, the Commission filed two motions in *FTC v. Bay Area Business Council, Inc., et al.*, No. 02 C 5762 (Judge Darrah). The first, a Motion For Order To Show Cause Why Defendants And Respondents Should Not Be Held In Contempt ("Contempt Motion"), was brought against many of the defendants in this action, including Peter J. Porcelli, II ("Porcelli"), Bonnie A. Harris ("Harris"), Christopher Tomasulo ("Tomasulo"), and three corporations under their ownership and control, Safe Harbour Foundation of Florida, Silverstone Lending, LLC, and Silverstone Financial LLC, alleging that their mortgage foreclosure rescue scam violates the terms of permanent injunctions entered against them in that case in 2004 and 2005.[1]

4. Second, because the cases satisfy the factors for reassignment pursuant to Local Rule 40.4(a), in that they involve the same property, involve many of the same issues of fact and law, and grow out of the same transactions, the Commission filed its Motion for Reassignment of Related Cases pursuant to Rule 40.4 of the Local Rules of the U.S. District Court for the Northern District of Illinois ("Motion for Reassignment"). The Motion for Reassignment meets the conditions set forth by LR 40.4(b). In particular, (1) both cases are pending in this Court; (2) the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort; (3) the earlier case has not progressed to the point where designating a later filed case as related would be likely to delay the proceedings

---

[1] While their actions may have facilitated the contemptuous activity described in the Contempt Motion, defendants Keystone Financial, LLC, Southeast Advertising, Inc., andMT25 LLC, are not named as respondents in the Contempt Motion. Similarly, Thomas C. Little is named as a respondent in the Contempt Motion but is not a defendant in this case.

in the earlier case substantially; and (4) the cases are susceptible of disposition in a single proceeding. Pursuant to LR 40.4(c), the Motion for Reassignment was filed with Judge Darrah, as the judge before whom the lowest-numbered case is pending.

5. On March 12, 2008, Judge Darrah set a briefing schedule on the Motion for Reassignment, and set a ruling date of April 30, 2008. One of the respondents to the Contempt Motion, Thomas C. Little, agreed to the reassignment in open court.

6. An initial status hearing and the required written report would be premature at this point. Judge Darrah is scheduled to rule on reassignment on April 30, 2008. Moreover, the primary individual defendant in the case, Peter J. Porcelli, II, is currently incarcerated in federal prison in New Jersey and the U.S. Marshall's Office has not yet served him with a summons and complaint. While preliminary discussions with two defendants regarding settlement have begun, no defendant has yet appeared and no answers have yet been filed.

WHEREFORE, Plaintiff respectfully requests that the initial status hearing and written report be continued to a date after April 30, 2008.

Respectfully Submitted,

WILLIAM BLUMENTHAL
General Counsel

DATED: March 12, 2008

/s/ David A. O'Toole
DAVID A. O'TOOLE
GUY G. WARD
MARISSA J. REICH
Federal Trade Commission
55 West Monroe Street, Ste. 1825
Chicago, Illinois 60603
(312) 960-5634 [telephone]
(312) 960-5600 [facsimile]