## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

**FEDERAL TRADE COMMISSION,**

      **Plaintiff,**

**v.**                                   **Case Number: 1:08-cv-01185**
                                                **Judge Guzman**

**SAFE HARBOUR FOUNDATION OF**
**FLORIDA, INC., a Florida corporation,**
*et al.*,

      **Defendants.**
_____/

## DEFENDANT SOUTHEAST ADVERTISING, INC.'S MOTION TO DISMISS COMPLAINT FOR LACK OF PERSONAL JURISDICTION AND MEMORANDUM OF LAW IN SUPPORT THEREOF

Defendant, SOUTHEAST ADVERTISING, INC. (hereinafter "Southeast Advertising"), by and through its undersigned counsel, pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, hereby moves this Court for an order of dismissal of the Complaint filed herein by the Plaintiff, FEDERAL TRADE COMMISSION (hereinafter the "FTC"), and in support thereof states as follows:

### Motion to Dismiss

1. The FTC filed the instant lawsuit in the Northern District of Illinois, seeking injunctive and other equitable relief against several defendants, including Southeast Advertising, a Florida corporation.

2. As a basis for this Court asserting its jurisdiction over Southeast Advertising, the FTC alleges that Southeast Advertising purchased or was assigned mortgage loans from Silverstone Lending, LLC, Silverstone Financial LLC, and Keystone Financial, LLC, (collectively hereinafter the "Assignor Defendants"), thereby making Southeast

Advertising an "assignee" of such mortgage loans for purposes of the Truth In Lending Act (hereinafter "TILA").[1]

3.  Taking as true all allegations in the FTC's Complaint, this Court does not have personal jurisdiction over Southeast Advertising, as Southeast Advertising does not have sufficient minimum contacts with the State of Illinois, exercising personal jurisdiction over Southeast Advertising would offend traditional notions of fair play and substantial justice, Southeast Advertising did not purposefully avail itself of the privileges of transacting business in the State of Illinois, and Southeast Advertising does not have continuous and systematic general business contacts with Illinois.

4.  An Affidavit of Anthony N. Amico, President of Southeast Advertising, in support of this Motion to Dismiss is attached hereto as Exhibit "A" and incorporated herein by reference.

5.  Therefore, the Complaint filed herein should be dismissed as to Southeast Advertising for lack of personal jurisdiction.

## Memorandum of Law in Support of Motion to Dismiss

### A. Specific Jurisdiction

#### 1. Standard

In determining whether this Court has personal jurisdiction over Southeast Advertising, the inquiry begins with deciding whether sufficient "minimum contacts" exist between Southeast Advertising and the forum state (Illinois) with respect to the matter at issue. *Purdue Research*

---

[1] Although paragraph 12 of the FTC's Complaint appears to allege that Southeast Advertising has purchased or was assigned mortgage loans from three Assignor Defendants, Southeast Advertising had no dealings and transacted no business with Silverstone Financial or Keystone Financial.  However, because at the motion to dismiss stage this Court assumes that the allegations in the Complaint are true, Southeast Advertising will assume as true for purposes of this motion only, without waiving any defenses or making any admissions, that there are three Assignor Defendants with respect to the mortgage loans allegedly purchased by or assigned to Southeast Advertising.

*Foundation v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 780 (7th Cir. 2003). The Seventh Circuit

Court of Appeals, relying on *Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985), has set forth

the minimum contacts analysis as follows:

> "…the inquiry here must focus on whether it is fundamentally fair to require the defendant to submit to the jurisdiction of the court *with respect to this litigation*. The Supreme Court consistently has made it clear that, in employing this test, we must focus on the factor of "foreseeability." The foreseeability that is significant for this purpose is whether the defendant could have anticipated being haled into the courts of the state with respect to the matter at issue. Notably, it must be the activity of the defendant that makes it amenable to jurisdiction, not the unilateral activity of the plaintiff or some other entity. This requirement is designed to ensure that the defendant retains sufficient, albeit minimal, ability to structure its activities so that it can reasonably anticipate the jurisdictions in which it will be required to answer for its conduct. In any given case, there must be some showing that the defendant purposefully availed itself of the privilege of conducting activities within the forum state. This requirement ensures that a defendant's amenability to jurisdiction is not based on fortuitous contacts, but on contacts that demonstrate a real relationship with the state with respect to the transaction at issue. To this end, the Supreme Court repeatedly has asked whether the defendant has deliberately engaged in significant activities within the forum state, or whether it has created continuing obligations between itself and a resident of the forum." *Purdue Research Foundation*, 338 F.3d at 780-781 (internal citations omitted).

Once it is determined that a defendant has purposefully established minimum contacts

with the forum state, these contacts must be analyzed in light of other factors to determined if the

exercise of jurisdiction would offend traditional notions of "fair play and substantial justice." *Id.*

at 781. These factors include:

> "…the burden on the defendant, the forum State's interest in adjudicating the dispute, the plaintiff's interest in obtaining convenient and effective relief, the interstate judicial system's interest in obtaining the most efficient resolution of [the underlying dispute], and the shared interest of the several States in furthering fundamental substantive social policies." *Id.* (quoting *Burger King Corp., supra*).

## 2. Southeast Advertising has no contacts whatsoever with the forum state (Illinois)

In the instant case, Southeast Advertising has no contacts whatsoever with the State of

Illinois, let alone sufficient minimum contacts to establish personal jurisdiction in Illinois.

Southeast Advertising is a Florida corporation engaged in wholly intrastate transactions within

the State of Florida. With respect to the instant litigation, Southeast Advertising has not

transacted business in Illinois, has not contracted with an Illinois resident or entity, does not

collect any fees or commissions from Illinois borrowers, has not advertised in Illinois, does not maintain an office in Illinois, does not have employees or agents in Illinois, does not solicit any mortgage loans in Illinois, did not negotiate with Illinois residents or entities, and did not purchase or have assigned mortgage loans that were secured by Illinois property.  Any mortgage loans referred to in the FTC's Complaint were purchased by or assigned to Southeast Advertising, a Florida corporation, and allegedly purchased from or assigned by the Assignor Defendants, two Florida corporations and a Nevada corporation.  The mortgage loans referred to in the Complaint were held by Florida residents and secured by property located in Florida. Southeast Advertising had no dealings with the original borrowers (all Florida residents), and only dealt with the Assignor Defendants in Florida.  Simply put, Southeast Advertising has no contacts whatsoever to the State of Illinois.

Assuming for argument's sake that the Assignor Defendants had sufficient minimum contacts with the State of Illinois, Southeast Advertising's alleged status as an "assignee" does not impute said contacts to Southeast Advertising.  "An assignee does not step automatically into the shoes of the assignor for purposes of personal jurisdiction."  *Purdue Research Foundation*, 338 F.3d at 784 (citing *Russellville Steel Co., Inc. v. Sears, Roebuck & Co.*, 2000 WL 91680 at *3 (N.D.Ill. 2000) ("The fact that the assignor can be sued in the forum state does not necessarily mean that the assignee can be sued there."); *Lobatto v. Berney*, 1999 WL 672994 at *8 (S.D.N.Y. 1999) ("Jurisdiction over an assignee must be based on the assignee's own acts and does not arise solely because the assignor may be subject to personal jurisdiction."); and *Rogers v. 5-Star Mgmt., Inc.*, 946 F.Supp. 907, 913 (D.N.M. 1996) ("[A] [c]ourt should determine its personal jurisdiction over an assignee independently of its personal jurisdiction over the assignor.")). Furthermore, "[a]n assignee does not have the same relationship with the entities that contracted

4

with the assignor. Rather, it purchases certain specific contractual rights and assumes certain specific obligations. Because due process generally requires that each defendant's contacts with the forum state be assessed individually, a general rule that imputes the assignor's forum contacts to the assignee would, at least in some cases, violate the established norms of due process." *Purdue Research Foundation*, 338 F.3d at 784.

The Court in *Purdue Research Foundation* ruled that, although the assignor (Sterling) established minimum contacts with the forum state, there were insufficient minimum contacts to exercise specific personal jurisdiction over the assignee (SSBO France), as the assignee had not purposefully availed itself of the benefits of conducting business in the forum state with respect to the pending litigation. *Id.* at 787. Other courts have ruled the same. *See Williams v. Firstplus Home Loan Owner Trust 1998-4*, 310 F.Supp.2d 981, 995 (W.D. Tenn. 2004) (no purposeful availment, and therefore no specific personal jurisdiction, even where assignee held notes secured by real property in forum state, as efforts at acquiring property were not directed at forum state) ; *see Pilcher v. Direct Equity Lending*, 189 F.Supp.2d 1198, 1210 (D.Kan. 2002) (no specific personal jurisdiction over assignees of second mortgages where loans were not made by assignees, assignees did not have employees in forum state, and there was no allegation of wrongdoing by assignees in forum state); *see Barry v. Mortgage Servicing Acquisition Corp.*, 909 F.Supp. 65, 74 (D.R.I. 1995) (holding assignor's contact with the forum state as the point of origination of the loan cannot be used to exercise specific personal jurisdiction over the assignee, as the assignee had nothing to do with the origination of the loan); *see Fleming v. Apollo Motor Homes, Inc.*, 87 F.R.D. 408, 410 (M.D. N.C. 1980) (dismissing suit, in part, for lack of personal jurisdiction over Maryland bank who was assignee of loan). Therefore, Southeast Advertising's

status as "assignee" does not create sufficient minimum contacts to exercise personal jurisdiction in Illinois.

### 3. Specific personal jurisdiction may not be exercised over Southeast Advertising

As set forth above, Southeast Advertising has no contacts whatsoever with Illinois with respect to this litigation, much less sufficient minimum contacts to establish specific personal jurisdiction. Southeast Advertising, who only transacted business in Florida with Florida and Nevada corporations regarding Florida mortgages held by Florida residents and secured by Florida property, could not have foreseen being haled into court in Illinois. Any activities of the Assignor Defendants cannot be imputed to Southeast Advertising for purpose of personal jurisdiction. Based on the activities of Southeast Advertising itself, Southeast Advertising has not purposefully availed itself of the privileges of doing business in Illinois, and indeed has not availed itself of the privileges of doing business in Illinois at all.

Furthermore, litigating this case against Southeast Advertising in Illinois would create a substantial burden on Southeast Advertising, who is located in Florida. Illinois has no interest in adjudicating this dispute, as no Illinois resident was alleged to be harmed and no transactions were alleged to have taken place in Illinois. Florida has more of an interest in adjudicating this dispute, as any alleged conduct by Southeast Advertising involved Florida residents, Florida mortgages, Florida property, and took place in Florida. Therefore, haling Southeast Advertising into court in Illinois would offend traditional notions of fair play and substantial justice.

For the foregoing reasons, this Court may not exercise specific personal jurisdiction over Southeast Advertising in this matter, and the Complaint against Southeast Advertising should be dismissed.

## B. General Jurisdiction

### 1. Standard

General jurisdiction allows a court to exercise personal jurisdiction over a defendant regardless of the subject matter of the litigation. *Purdue Research Foundation*, 338 F.3d at 787. "General jurisdiction is permitted only where the defendant has 'continuous and systematic general business contacts' with the forum." *Id.* "These contacts must be so extensive to be tantamount to [the defendant] being constructively present in the state to such a degree that it would be fundamentally fair to require it to answer in [a court in the forum state] in *any* litigation arising out of *any* transaction or occurrence taking place *anywhere* in the world." *Id.* (emphasis in original). Factors that courts will consider in determining whether exercise of general jurisdiction is proper include: (1) whether and to what extent the defendant conducts business in the forum state; (2) whether the defendant maintains an office or employees within the forum state; (3) whether the defendant sends agents into the forum state to conduct business; (4) whether the defendant advertises or solicits business in the forum state; and (5) whether the defendant has designated an agent for service of process in the forum state. *Winston v. Martinair, Inc.*, 2007 WL 684113, * 4 (N.D. Ill. 2007).

### 2. General jurisdiction may not be exercised over Southeast Advertising

As discussed above, Southeast Advertising has no contacts whatsoever to the State of Illinois, both with respect to this litigation and in general. Having no contacts at all, it can hardly be said that any contacts are "continuous and systematic." Southeast Advertising conducts no business in Illinois. Southeast Advertising does not maintain an office or employees in Illinois. Southeast Advertising does not send agents into Illinois to conduct business. Southeast Advertising does not advertise or solicit business in Illinois. Southeast Advertising has not

designated an agent for service of process in Illinois.  For the foregoing reasons, this Court may not exercise general personal jurisdiction over Southeast Advertising in this matter, and the Complaint against Southeast Advertising should be dismissed.

### Prayer for Relief

WHEREFORE the Defendant, Southeast Advertising, Inc., by and through its undersigned counsel, respectfully requests that this Court dismiss the Complaint filed herein against Southeast Advertising, Inc., and grant such further relief as this Court deems appropriate.

Respectfully submitted,

_____/s/ Luke Lirot, Esq._____.
Luke Lirot, Esquire
Florida Bar Number 714836
Luke Charles Lirot, P.A.
2240 Belleair Road, Suite 190
Clearwater, Florida 33764
Telephone:    (727) 536-2100
Facsimile:    (727) 536-2100
*Counsel for Defendant Southeast Advertising, Inc.*

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via electronic filing to David A. O'Toole, Guy G. Ward, and Marissa J. Reich, Counsel for the Federal Trade Commission, 55 West Monroe Street, Suite 1825, Chicago, Illinois 60603, and has been furnished via U.S. mail to:

Thomas C. Little
Registered Agent for Silverstone Lending LLC and Silverstone Financial LLC
2123 NE Coachman Road, Suite A
Clearwater, Florida 33765

Bonnie Harris
25307 Ivanhoe
Redford, Michigan 48239

Christopher Tomasulo
873 West Bay Drive, #136
Largo, Florida 33770

Scott L. Smith, Esquire
Counsel for Keystone Financial, LLC
Bowler Dixon Smith & Twitchell, LLP
400 North Stephanie Street, Suite 235
Henderson, Nevada 89014

MT 25 LLC
c/o Ival Sub Consulting
514 Annet Street
Henderson, Nevada 89052

and

Peter J. Porcelli, II
Individually and as Registered Agent of Safe Harbour Foundation of Florida, Inc.
Fort Dix Federal Correction Institute
5756 Hartford & Pointville Road
Fort Dix, New Jersey 08640

on this 25th day of March, 2008.

          /s/ Luke Lirot, Esq.      .
          Luke Lirot, Esquire
          Florida Bar Number 714836