

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

**Case No. 1:08-cv-01185**
**Judge Ronald A. Guzman**

FEDERAL TRADE COMMISSION,
      Plaintiff,

    v.

SAFE HARBOUR FOUNDATION OF FLORIDA , INC.,
a Florida corporation, et al.,
      Defendants.

_____/

# FILED

APR 1 5 2008

APR 1 5 2008

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## CHRISTOPHER TOMASULO'S MOTION TO DISMISS COMPLAINT FOR LACK OF PERSONAL JURISDICTION, IMPROPER VENUE AND FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED AND MEMORANDUM OF LAW IN SUPPORT THEREOF

DEFENDANT CHRISTOPHER TOMASULO moves this Honorable Court for an Order dismissing the complaint as to defendant Christopher Tomasulo pursuant to Rule 12(b)(2), 12(b)(3) and 12(b)(6) of the Federal Rules of Civil Procedure and in support thereof states as follows:

## MOTION TO DISMISS

1.  The FTC filed the instant lawsuit in the Northern District of Illinois, seeking injunctive and other equitable relief against seven Florida Defendants and two Nevada Defendants, including Christopher Tomasulo, a Florida resident. As a basis for this Court asserting its jurisdiction over Christopher Tomasulo, the FTC alleges that Christopher Tomasulo is a manager of Silverstone Lending LLC, Silverstone Financial LCC, and Safe Harbour Foundation of Florida, Inc.[1]

---

1   Although paragraph 15 of the FTC's Complaint alleges that Christopher Tomasulo was a manager of Silverstone Lending LLC, Silverstone Financial LLC, and Safe Harbour Foundation of Florida Inc., Christopher Tomasulo did not work for (in any capacity) Silverstone Lending LLC or Silverstone Financial LLC and does not manage or control and has never managed or had any operational control of Safe Harbour Foundation of Florida Inc. *See Exhibit B (Affidavit of Peter J Porcelli II) and Exhibit A (Affidavit of Christopher Tomasulo)*. However, because at the motion to dismiss stage in these proceedings this Court assumes that the allegations in the Complaint are true, Christopher Tomasulo will assume for purposes of this motion only, without waiving any defenses or admissions, that this Court will assume the FTC's allegations as true.

2.  Silverstone Lending LLC, Silverstone Financial LLC, and Safe Harbour Foundation of
    Florida Inc, per the FTC complaint and other FTC filings, are Florida LLCs or corporations
    which transacted business exclusively in Florida with Florida homeowners.

3.  Taking as true all allegations in the FTC's Complaint:

    a)  This Court does not have personal jurisdiction over Christopher Tomasulo in the instant
        case, as Christopher Tomasulo does not have sufficient minimum contacts with the State
        of Illinois, exercising personal jurisdiction over Christopher Tomasulo would offend
        traditional notions of fair play and substantial justice, Christopher Tomasulo did not
        purposefully avail himself of the privileges of transacting business in the State of
        Illinois, and Christopher Tomasulo does not have continuous and systematic general
        business contacts with Illinois.

    b)  In federal question cases there is no plaintiff's venue. The action may be brought only in
        the district where all defendants reside or the district in which the claim arose. None of
        the defendants reside in Illinois and all of the claims arose from transactions which took
        place in Florida with Florida homeowners. The Northern District of Illinois is an
        improper venue for the instant lawsuit.

    c)  Assuming for arguments sake that this Court decides it has personal jurisdiction over
        Christopher Tomasulo and that somehow venue is proper in Illinois , this Court should
        apply the doctrine of Forum Non Conveniens since another forum, specifically the
        Middle District of Florida, would be much more convenient for the parties and the
        courts and the FTC's privilege of choosing its forum is outweighed.

    d)  Application of Rule 8 of the Federal Rules of Civil Procedure along with recent
        decisions by the 7th Circuit concerning the application of *Bell Atlantic Corp. v.
        Twombly*, 127 S. Ct. 1955 (2007) warrant dismissal of the complaint under Rule 12(b)
        (6), *as to defendant Christopher Tomasulo*, since the facts pled by the FTC cannot result

2

in any plausible relief.

3. Paragraph 41 of the Complaint alleges that Christopher Tomasulo "represented to consumers that the effective interest rate ("APRs") on the loans would be 28% or less," but fails to allege how the alleged representation affected interstate commerce.

4. An Affidavit of Christopher Tomasulo in support of this Motion to Dismiss is attached hereto as Exhibit "A" and incorporated herein by reference.

5. An Affidavit of Peter Porcelli II, member, partner, and/or owner of Silverstone Lending LLC and Silverstone Financial LLC and President and/or director of Safe Harbour Foundation of Florida Inc. in support of this Motion to Dismiss is attached hereto as Exhibit "B" and incorporated herein by reference.

6. WHEREFORE defendant *Christopher Tomasulo* respectfully moves this Honorable Court for an Order dismissing the complaint *as to Christopher Tomasulo* for lack of personal jurisdiction, improper venue and failure to state a claim on which relief can be granted.

## Memorandum Of Law in Support of Motion to Dismiss

### A. Specific Jurisdiction

#### 1. Standard for Specific Jurisdiction

In determining whether this Court has personal jurisdiction over Christopher Tomasulo, the inquiry begins with deciding whether sufficient "minimum contacts" exist between Christopher Tomasulo and the forum state (Illinois) with respect to the matter at issue. See *Purdue Research Foundation v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 780 (7th Cir. 2003). The Seventh Circuit Court of Appeals, relying on *Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985); *World-Wide Volkswagen*, 444 U.S. at 292,100 S.Ct. 559; *International Shoe Co. v. Washington*, 326 U.S. 310,316-17, 66 S.Ct. 154, 90 L.Ed. 95 (1945); *Hanson v. Denckla*,357 U.S. 235, 253, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958); *Keeton v. Hustler Magazine, Inc.,* 465 U.S. 770, 781,104 S.Ct. 1473,

3

79 L.Ed.2d 790 (1984); *Kulko v. California Superior Ct.,* 436 U.S. 84, 94-95, 98 S.Ct. 1690, 56 L.Ed.2d 132 (1978); *Travelers Health Ass'n v. Virginia,* 339 U.S. 643, 648, 70 S.Ct. 927, 94 L.Ed. 1154 (1950) has set forth the minimum contacts analysis as follows:

> "...the inquiry here must focus on whether it is fundamentally fair to require the defendant
> to submit to the jurisdiction of the court *with respect to this litigation.* The Supreme Court
> consistently has made it clear that, in employing this test, we must focus on the factor of
> "foreseeability." The foreseeability that is significant for this purpose is whether the
> defendant could have anticipated being haled into the courts of the state with respect to the
> matter at issue. Notably, it must be the activity of the defendant that makes it amenable to
> jurisdiction, not the unilateral activity of the plaintiff or some other entity. This requirement
> is designed to ensure that the defendant retains sufficient, albeit minimal, ability to structure
> its activities so that it can reasonably anticipate the jurisdictions in which it will be required
> to answer for its conduct. In any given case, there must be some showing that the defendant
> purposefully availed itself of the privilege of conducting activities within the forum state.
> This requirement ensures that a defendant's amenability to jurisdiction is not based on
> fortuitous contacts, but on contacts that demonstrate real relationship with the state with respect
> to the transaction at issue. To this end, the Supreme Court repeatedly has asked whether the
> defendant has deliberately engaged in significant activities within the forum state, or
> whether it has created continuing obligations between itself and the resident forum." *Purdue
> Research Foundation,* 338 F.3d at 780-781 (internal citations omitted).

Once it is determined that a defendant has purposefully established minimum contacts with the forum state, these contacts must be analyzed in light of other factors to determine if the exercise of jurisdiction would offend the traditional notions of "fair play and substantial justice." Id. At 781.

4

These factors include:

"...the burden on the defendant, the forum State's interest in adjudicating the dispute, the plaintiff's interest in obtaining convenient and effective relief, the interstate judicial system's interest in obtaining the most efficient resolution of [the underlying dispute], and the shared interest of the several States in furthering fundamental substantive social policies." *Id.* (quoting *Burger King Corp., supra*).

## 2. Christopher Tomasulo has not purposefully availed himself of the privilege of conducting activities within the forum state (Illinois)

In the instant case, Christopher Tomasulo has no contacts whatsoever with the State of Illinois, let alone sufficient minimum contacts to establish personal jurisdiction in Illinois. Christopher Tomasulo is a Florida resident and has been for over 12 years. The only time he has ever been to Illinois is to testify before a Grand Jury and a refueling stop on a flight to Ohio in 2004. He has never personally done business with anyone in Illinois other than to hire an attorney over 5 years ago. With respect to the instant litigation, Christopher Tomasulo has not, personally or as an alleged "manager" of any other entity, transacted business in Illinois, has not contracted with an Illinois resident or entity, does not collect any fees or commissions from Illinois borrowers, has not advertised in Illinois, does not maintain an office in Illinois, did not negotiate with Illinois residents or entities, and did not loan money or arrange for loans that were secured by Illinois property. The mortgage loans referred to in the Complaint were/are held by Florida residents and secured by property located in Florida. Any dealings Christopher Tomasulo may have had while working personally or through his consulting company ( a Florida corporation) for Safe Harbour Foundation of Florida Inc. were with Florida residents in Florida.

## 3. Specific personal jurisdiction may not be exercised over Christopher Tomasulo

As set forth above, Christopher Tomasulo has no contacts whatsoever with Illinois with respect to this litigation, much less sufficient minimum contacts to establish specific personal

jurisdiction. Christopher Tomasulo, who only transacted business in Florida with Florida residents and Florida Corporations regarding mortgages in foreclosure held by Florida residents and secured by Florida property, could not have foreseen being haled into court in Illinois in the instant litigation.

The FTC references in the Complaint at paragraph 19 a stipulated final judgment and order for permanent injunction, as to Christopher Tomasulo, ordered by the Court in FTC v. Bay Area Business Council, Inc et al.("BABC")  "As noted earlier, the inquiry here must focus on whether it is fundamentally fair to require the defendant to submit to the jurisdiction of the court *with respect to this litigation.*" *Purdue Research Foundation*, 338 F.3d at 780-781. (emphasis in original). The Court's emphasis on "with respect to this litigation" is pertinent here. Any alleged violation of the Court's order in BABC is part of the BABC litigation and not the instant litigation. A new lawsuit such as this instant Case cannot be used to enforce a court order in another case. See *D. PATRICK, INC. v. FORD MOTOR CO.*, 8 F.3d 455, 458 (7th Cir. 1993). Specific jurisdiction must be decided with respect to this litigation. Based on the activities of Christopher Tomasulo personally, Christopher Tomasulo has not purposefully availed himself of the privileges of doing business in Illinois, and in truth and in fact, has not availed himself of the privileges of doing business in Illinois at all.

Furthermore, litigating this case against Christopher Tomasulo in Illinois would create a substantial burden on Christopher Tomasulo, who is located in Florida, has a 3-month old baby whom he takes care of during the day and who has less than $300 in combined personal/corporate bank accounts and cash. Illinois has no interest in adjudicating this dispute, as no Illinois resident was alleged to be harmed and no transactions were alleged to have taken place in Illinois. Florida has more of an interest in adjudicating this dispute, as any alleged conduct by Christopher Tomasulo involved Florida residents and Florida homes which were in foreclosure proceedings in Florida. Therefore, haling Christopher Tomasulo into court in Illinois would offend traditional notions of fair play and substantial justice.

For the foregoing reasons, this Court may not exercise specific jurisdiction over Christopher

Tomasulo in this matter, and the Complaint against Christopher Tomasulo should be dismissed.

## B. General Jurisdiction

### 1. Standard

General jurisdiction allows a court to exercise personal jurisdiction over a defendant regardless of the subject matter of the litigation. See *Purdue Research Foundation*, 338 F.3d at 787. "General jurisdiction is permitted only where the defendant has 'continuous and systematic general business contacts' with the forum." *Id.* "These contacts must be so extensive to be tantamount to [the defendant] being constructively present in the state to such a degree that it would be fundamentally fair to require it to answer in [a court in the forum state] in *any* litigation arising out of *any* transaction or occurrence taking place *anywhere* in the world." Id. (emphasis in original). Factors that courts will consider in determining whether exercise of general jurisdiction is proper include: (1) whether and to what extent the defendant conducts business in the forum state; (2) whether the defendant maintains an office or employees within the forum state; (3) whether the defendant sends agents into the forum state to conduct business; (4) whether the defendant advertises or solicits business in the forum state; and (5) whether the defendant has designated an agent for service of process in the forum state. See *Winston v. Martinair, Inc.*, 2007 WL 684113,*4 (N.D. Ill. 2007).

### 2. General jurisdiction may not be exercised over Christopher Tomasulo

As discussed above, Christopher Tomasulo has no contacts whatsoever to the State of Illinois with respect to this litigation.  Having no contacts at all, it can hardly be said that any contacts are "continuous and systematic."  Christopher Tomasulo conducts no business in Illinois. Christopher Tomasulo does not maintain an office or employees in Illinois.  Christopher Tomasulo does not send agents into Illinois to conduct business.  Christopher Tomasulo does not advertise or solicit business in Illinois.  Christopher Tomasulo has not designated an agent for service of process in Illinois.

For the foregoing reasons, this Court may not exercise general personal jurisdiction over

Christopher Tomasulo in this matter, and the Complaint against Christopher Tomasulo should be dismissed.

## C. Venue

### 1. Standard

15 USC 53(a)(2) gives the FTC the following authority: "Any suit may be brought where such person, partnership, or corporation resides or transacts business, or wherever venue is proper under section 1391 of title 28."

Section 1391 of title 28 says venue is proper in:

(1) a judicial district where any defendant resides, if all defendants reside in the same State,
(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or
(3)a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

### 2. The Northern District of Illinois is not the proper venue for this suit

Per the Complaint, none of the defendants in this Case reside in Illinois. All of the defendants are Florida corporations/LLCs, Nevada LLCs or Florida residents who transact business in Florida. All of the alleged events or omissions giving rise to the claim occurred in Florida with Florida homeowners with Florida mortgages. All of the properties that are the subject of the action are located in Florida. None of the the defendants may be found in the Northern District of Illinois.

For the foregoing reasons, this Court is an improper venue for this matter and the Complaint against Christopher Tomasulo should be dismissed.

## D. Doctrine of forum non conveniens

### 1. Standard

8

Should this Court rule that it has Personal Jurisdiction over Christopher Tomasulo and that Venue is proper in the Northern District of Illinois, the common law doctrine of forum non convieniens should be applied to this suit. The Seventh Circuit Court of Appeals has set forth the standard of application as follows:

"The common law doctrine of *forum non conveniens* allows a trial court to dismiss a suit over which it would normally have jurisdiction if it best serves the convenience of the parties and the ends of justice.. Before a court should grant a defendant's motion, the plaintiff's chosen forum must be oppressive and vexatious to the defendant, out of all proportion to the plaintiff's convenience. The district court should not deem itself inconvenient, however, unless the defendant is able to identify an adequate alternative forum. Assessing whether an alternative forum exists involves a two-part inquiry: availability and adequacy. A forum is "available" if all parties are amenable to process and are within the forum's jurisdiction. A forum is "adequate" if "the parties will not be deprived of all remedies or treated unfairly." *Id.*

If an adequate alternative forum is available, the court decides whether to keep or dismiss the case by weighing various private and public interest factors. The private interest factors include the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive. Among the public interest factors are the administrative difficulties stemming from court congestion; the local interest in having localized disputes decided at home; the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; the avoidance of unnecessary problems in conflicts of laws or in the application of foreign law; and the unfairness of burdening citizens in an unrelated forum with jury duty. . [U]nless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." *IN RE BRIDGESTONE/FIRESTONE, INC.*, 420 F.3d 702, 703, 704(7th Cir. 2005) (internal citations and quotations omitted.)

2. **The FTC's chosen forum is oppressive to Christopher Tomasulo out of all proportion to the FTC's convenience**

Christopher Tomasulo is a resident of Florida and has been for over a decade. Christopher Tomasulo owns no real property. He has less than $300 in combined bank accounts and cash. In addition he has no credit and cannot afford an attorney. Traveling to Illinois is virtually impossible for Christopher Tomasulo financially and due to a three month old baby whom he watches during the day. The FTC is a United States Federal Agency with the ability to prosecute cases anywhere in the country and it would not be inconvenient for the FTC to prosecute the case in a District where the alleged activities took place. Namely, Florida. More specifically the Middle District of Florida where a case filed in 2007 (on substantially same issues) by a substantial number of Florida homeowners the FTC is purporting to filing this action on behalf of is already taking place[2].

In this case the balance is strongly in favor of the defendant, Christopher Tomasulo.

In addition, and as mentioned previously, Illinois has no interest in Florida properties, Florida mortgages or Florida residents who do not conduct business or have business contacts in Illinois.

For the foregoing reasons, should this Court decide that it has personal jurisdiction over Christopher Tomasulo and Venue is proper in Illinois, this Court should apply the common law doctrine of *forum non conveniens* and the Complaint against Christopher Tomasulo should be dismissed.

## E. Failure to state a cause of action on which relief can be granted

### 1. Standard of civil liability under TILA, HOEPA and Regulation Z

Civil liability under the Truth in Lending Act ("TILA"), the Home Ownership and Equity Protection Act of 1994 ("HOEPA") and TILA's implementing Regulation Z, 12 C.F.R. Part 226 are defined in 15 U.S.C 1640. 15 U.S.C. 1640(a) specifically assigns liability for violations to "any *creditor* who fails to comply with any requirement imposed under this part, including any

---

2  *Heise v. Porcelli, et al.* Case No. 8:07-cv-1866-T-24 MAP (M.D. Fla.)

requirement under section 1635 of this title, or part D or E of this subchapter with respect to any person is liable to such person.." (emphasis added).

A "Creditor" is defined in 15 U.S.C. 1602(f) as:

"a person who **both**

1) regularly extends, whether in connection with loans, sales of property or services, or otherwise, consumer credit which is payable by agreement in more than four installments or for which the payment of a finance charge is or may be required, **and**

2)is the person to whom the debt arising from the consumer credit transaction is initially payable on the face of the evidence of indebtedness or, if there is no such evidence of indebtedness, by agreement. Notwithstanding the preceding sentence, in the case of an open-end credit plan involving a credit card, the card issuer and any person who honors the credit card and offers a discount which is a finance charge are creditors. For the purpose of the requirements imposed under part D of this subchapter and sections 1637 (a)(5), 1637 (a)(6), 1637 (a)(7), 1637 (b)(1), 1637 (b)(2), 1637 (b)(3), 1637 (b)(8), and 1637 (b)(10) of this title, the term "creditor" shall also include card issuers whether or not the amount due is payable by agreement in more than four installments or the payment of a finance charge is or may be required, and the Board shall, by regulation, apply these requirements to such card issuers, to the extent appropriate, even though the requirements are by their terms applicable only to creditors offering open-end credit plans. Any person who originates 2 or more mortgages referred to in subsection (aa) of this section in any 12-month period or any person who originates 1 or more such mortgages through a mortgage broker shall be considered to be a creditor for purposes of this subchapter."(emphasis added)

Liability also attaches to assignees under certain circumstances. See 15 U.S.C. 1641.

In addition, TILA specifically provides for limitations on actions and parties who may bring actions under TILA in 15 U.S.C. 1640(e). Specifically, a one year statute of limitations from the date of the occurrence of the violation or a three year statute of limitations if the action is brought by the appropriate State attorney general in any appropriate United States district court, or any other court of competent jurisdiction. Only if the action is brought by the appropriate State

11

attorney can the FTC intervene past the one year mark. There is no provision for the FTC to bring an action under TILA after one year without an appropriate State attorney general bringing an action first.

2. **Christopher Tomasulo is not a Creditor or Assignee and has no liability under TILA, HOEPA or Regulation Z**

In the instant case, Christopher Tomasulo is not a creditor or assignee. Christopher Tomasulo *does not have and never has had* any ownership or control over any of the corporate and LLC entities named in the Complaint. Christopher Tomasulo, personally or through any entity he has owned or controlled, *has not* made any loans to any individual nor has he been assigned any loans. In addition, the FTC *cannot* in good faith allege and thus *has not* alleged in the Complaint that Christopher Tomasulo is a creditor or assignee.

All of the violations alleged in Count One, Count Two, Count Three, Count Four and Count Six of the Complaint involve creditors or assignees. Christopher Tomasulo is not named in any of these Counts. The only allegation tying any of these Counts to Christopher Tomasulo occurs in paragraph 15 of the Complaint where the FTC falsely alleges Christopher Tomasulo was a "manager" of Silverstone Lending LLC and Silverstone Financial LLC. Even if this Court takes this one allegation as true, Christopher Tomasulo has no liability under TILA, HOEPA or Regulation Z which makes it clear that liability falls on the "creditor" or "assignee" and which very clearly defines those terms. Christopher Tomasulo could not find one case involving TILA, HOEPA or Regulation Z where a "manager," who wasn't an owner and did not have a controlling interest in a company who was a "creditor," was found to have any liability under TILA, HOEPA or Regulation Z.

"*Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007), teaches that a defendant should not be forced to undergo costly discovery unless the complaint contains enough detail, factual or argumentative, to indicate that the plaintiff has a substantial case." See *LIMESTONE DEVELOPMENT v. VILLAGE OF LEMONT*, 07-1438 (7th Cir. 4-1-2008). In this Complaint, there is not nearly enough detail, factual or argumentative to indicate that the FTC has a substantial case

against Christopher Tomasulo.

In addition, the FTC does not have standing to bring suit under TILA, HOEPA or Regulation Z against Christopher Tomasulo since Christopher Tomasulo is not a creditor or assignee as defined and the FTC cannot and has not alleged that he is a "creditor" or "assignee" as defined. See *U.S.C 1607(c)*.

For the foregoing reasons, this Court should dismiss Counts One, Two, Three, Four and Six *as to Christopher Tomasulo* for failure to state a claim on which relief can be granted.

3. **Standard for actions under Section 5(a) of the Federal Trade Commission Act ("FTC Act")**

The FTC has the authority per Section 5(a) of the Federal Trade Commission Act ("FTC Act"), 15 USC 45 (a) to prohibit "Unfair methods of competition in or affecting commerce, and unfair or deceptive acts or practices in or affecting commerce, are hereby declared unlawful."

To have a claim under Section 5(a) it must affect "commerce," which is defined in 15 USC 44: *"Commerce" means commerce among the several States or with* foreign nations, or in any Territory of the United States or in the District of Columbia, or between any such Territory and another, or between any such Territory and any State or foreign nation, or between the District of Columbia and any State or Territory or foreign nation.

**4. Christopher Tomasulo did not affect interstate commerce**

In the instant case, Christopher Tomasulo, a Florida resident, worked for a Florida Corporation and has dealt exclusively with Florida residents who owned Florida properties. The FTC alleges in paragraph 41 through 43 that Christopher Tomasulo represented to consumers that they would have "APRs" of 28% or less and that these representations were false or misleading. Assuming that this Court will take these allegations as true, these representations would have been

made to Florida residents about Florida mortgage loans from a Florida mortgage lender and would not in any way affect commerce among several States. Only through a severely convoluted interpretation of "affecting commerce among the several States" could the FTC even attempt to allege Christopher Tomasulo affected commerce among the several States by his alleged actions in the instant case.

TILA, HOEPA and Regulation Z counts do not require interstate commerce, however Section 5(a) counts do.

The FTC in paragraph 33 of the Complaint alleges that the "defendants have maintained a substantial course of trade in or affecting commerce, as "commerce" is defined in Section 4 of the FTC Act, 15 U.S.C. 44" This is not a factual allegation but rather a verbatim recitation of the U.S.C..  Surviving a Rule 12(b)(6) motion "requires more than labels and conclusions. . . . Factual allegations must be enough to raise a right to relief above the speculative level[.]" *PUGH v. TRIBUNE COMPANY*, 06-3898 (7th Cir. 4-2-2008) quoting *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007).

For the foregoing reasons, this Court should dismiss Count Five *as to Christopher Tomasulo*, for failure to state a claim upon which relief can be granted

## **Prayer for Relief**

WHEREFORE the Defendant, Christopher Tomasulo, respectfully moves this Honorable Court to enter an Order Dismiss the Complaint filed herein and each of the aforementioned counts *as to Christopher Tomasulo*, and grant such further relief as this Court deems appropriate.

_____
Christopher Tomasulo
873 West Bay Drive #136
Largo, Florida  33770

14

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

**Case No. 1:08-cv-01185**
**Judge Ronald A. Guzman**

FEDERAL TRADE COMMISSION,
        Plaintiff,
   v.
SAFE HARBOUR FOUNDATION OF FLORIDA , INC.,
a Florida corporation, et al.,
        Defendants.
_____/

## AFFIDAVIT OF CHRISTOPHER TOMASULO

STATE OF FLORIDA      )
COUNTY OF PINELLAS   )

BEFORE ME, the undersigned authority, personally appeared Christopher Tomasulo, Defendant in the above-styled action, this 12th day of April, 2008, who, after being duly deposed and sworn, states as follows:

1. My name is Christopher Tomasulo and I have full knowledge of the matters addressed herein.

2. I am over eighteen (18) years old, and I reside in Pinellas County, Florida.

3. I have been a resident of Florida for approximately 14 years.

4. I do not and have not transacted business in Illinois.

5. I do not and have not contracted with an Illinois resident or entity.

6. I do not and have not collected any fees or commissions from Illinois borrowers.

7. I do not and have not advertised in Illinois.

8. I do not and have not maintained an office in Illinois.

9. I do not and have not had any employees or agents in Illinois with the exception of hiring an

1

attorney in Illinois about 4 or 5 years ago.

10. I do not and have not solicited any mortgage loans in Illinois, and in fact do not and have not solicited any mortgage loans at all in my regular course of business.

11. I do not and did not negotiate with Illinois residents or entities.

12. I do not and have not purchased or assigned mortgage loans that were secured by Illinois property. In fact, I have not purchased or assigned mortgage loans at any time in my life.

13. I do not and have not made any mortgage loans to any Illinois resident. In fact, I have never made a mortgage loan personally or through any entity I have owned or controlled during my lifetime.

14. I do not work for and have never worked for, personally or through any company I own or control, in any capacity, SILVERSTONE LENDING LLC or SILVERSTONE FINANCIAL LLC.

15. Any alleged contact with clients of SAFE HARBOUR FOUNDATION OF FLORIDA, INC. ("Safe Harbour") was made during my employment as a consultant to SAFE HARBOUR FOUNDATION OF FLORIDA, Inc. between approximately March 2006 and February 2007. All dealings with SAFE HARBOUR FOUNDATION OF FLORIDA, Inc. and any of its clients (all Florida residents) occurred in Florida.

16. I do not and have not worked, in any capacity, for SAFE HARBOUR FOUNDATION OF FLORIDA, INC. in over a year.

17. I am not and was not a manager of SAFE HARBOUR FOUNDATION OF FLORIDA, INC.

18. I do not and have not owned, controlled or managed SAFE HARBOUR FOUNDATION OF FLORIDA, INC., SILVERSTONE FINANCIAL LLC or SILVERSTONE FINANCIAL LLC.

19. I do not and never have originated any loans to any person either personally or through any entity.

20. I do not and have not quoted an "APR" to anyone in my lifetime.

21. I currently have less than $300 in my personal/business bank accounts and cash on hand.

22. I do not own any real property and my biggest asset is a car on which more is owed than it's worth.

23. I have given the facts set forth in this Affidavit voluntarily, recognizing that is to be used in submission in a court of law and under oath.

24. I have given this statement freely and voluntarily.


FURTHER AFFIANT SAYETH NOT.

_____
Christopher Tomasulo


SWORN TO AND SUBSCRIBED before me this 12th day of April, 2008, by Christopher Tomasulo, who is personally known to me or has produced _____ as identification.

_____
Notary Public, State of Florida



SHAKEEL SALEH
MY COMMISSION # DD 406861
EXPIRES: March 14, 2009
Bonded Thru Notary Public Underwriters

Printed name of notary:  SHAKEEL  SALEH .

My commission expires:  3 | 14 | 2009 .

My commission number is:  DD 406861 .


3

## AFFIDAVIT OF PETER J. PORCELLI II

I, PETER J. PORCELLI II, being duly sworn, states as follows:

1. I have personal knowledge of the facts stated herein, and if I am called as a witness, I could and would competently testify as to the facts herein.

2. Christopher Tomasulo was hired through his consulting company as an independent consultant to research various methods to assist those in foreclosure, along with assisting those in foreclosure by recommending the best solution. He also was hired to find ways to create new revenues for Safe Harbour Foundation of Florida Inc in 2006.

3. Christopher Tomasulo had no part in the creation of Safe Harbour Foundation of Florida Inc, Silverstone Lending LLC or Silverstone Financial,LLC.

4. Christopher Tomasulo did not create or assist in creating any marketing materials or mailers associated with Safe Harbour Foundation of Florida Inc. These items were licensed from companies unrelated to Christopher Tomasulo.

5. Christopher Tomasulo does not have and has never had a ownership interest in Safe Harbour Foundation of Florida Inc, Silverstone Lending LLC or Silverstone Financial,LLC.

6. Christopher Tomasulo  has never had fiscal control, financial control, or operational control of either  Safe Harbour Foundation of Florida Inc, Silverstone Lending LLC or Silverstone Financial,LLC.

7. Neither Christopher Tomasulo nor myself did ever participate in any "meeting of the minds" or "conspiracy" to take homeowner's homes through loans.


I declare under penalty of perjury that the foregoing is true and correct.

Executed on _January 26_ ,2008.

_____
Peter J Porcelli II


Subscribed and signed before me this

_26_ day of _Jan._ ,~~2007~~ 2008

Notary Public _Toni Raibick_



TONI RAIBICK
Notary Public, State of Florida
Commission# DD126317
My comm. expires June 29, 2011

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of **CHRISTOPHER TOMASULO'S MOTION TO DISMISS COMPLAINT FOR LACK OF PERSONAL JURISDICTION, IMPROPER VENUE AND FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED AND MEMORANDUM OF LAW IN SUPPORT THEREOF** has been furnished via FedEx, postage paid , this 12th day of April, 2008 to David A. O'Toole, Guy G. Ward, and Marissa J. Reich, Counsel for the Federal Trade Commission, 55 West Monroe Street, Suite 1825, Chicago, Illinois 60603, and has been furnished via U.S. mail to:

Thomas C. Little
Registered Agent for Silverstone Lending LLC and Silverstone Financial LLC
2123 NE Coachman Road, Suite A
Clearwater, Florida 33765

Bonnie Harris
25307 Ivanhoe
Redford, Michigan 48239

*VIA E-MAIL TO :*
*LUKE LIROT*
*ATTORNEY FOR SOUTHEAST ADVERTISING Inc*

Scott L. Smith, Esquire
Counsel for Keystone Financial, LLC
Bowler Dixon Smith & Twitchell, LLP
400 North Stephanie Street, Suite 235
Henderson, Nevada 89014

MT 25 LLC
c/o Ival Sub Consulting
514 Annet Street
Henderson, Nevada 89052

and

Peter J. Porcelli, II
Individually and as Registered Agent of Safe Harbour Foundation of Floirda, Inc.
Fort Dix Federal Correction Institute
5756 Hartford & Pointville Road
Fort Dix, New Jersey 08640

On this 12th day of April, 2008

Christopher Tomasulo