IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

_____
                                    )
FEDERAL TRADE COMMISSION,           )
                                    )
            Plaintiff,              )   Civil Action No. 08 C 1185
      v.                            )
                                    )
SAFE HARBOUR FOUNDATION OF FLORIDA, )
   INC., a Florida corporation, *et al.*, )
                                    )
            Defendants.             )
_____)

**FTC'S RESPONSE TO SOUTHEAST ADVERTISING'S MOTION TO DISMISS**

Pursuant to the Court's Minute Order of April 4, 2008, Plaintiff Federal Trade Commission respectfully submits its response to the motion to dismiss filed by Defendant Southeast Advertising, Inc. ("Southeast"). The motion is without merit and should be denied.

This Court plainly has jurisdiction over Southeast – as well as all the other defendants in this action. Southeast argues that this Court lacks jurisdiction because Southeast does not have sufficient minimum contacts with Illinois to satisfy the standards for either specific or general jurisdiction. In making this argument, however, Southeast relies on the wrong legal test; in suits brought under statutes that provide for nationwide service of process, like the Federal Trade Commission Act, the relevant test for whether jurisdiction is proper is not whether the defendant has minimum contacts with the state in which the district court is located, but instead whether the defendant has minimum contacts with the United States *as a whole*. By its own admission, Southeast does business in Florida, meeting the test of minimum contacts with the United States. Thus, this Court can properly assert personal jurisdiction.

I.      **The Federal Trade Commission Act Establishes Nationwide Jurisdiction.**

Rule 4(k)(1) of the Federal Rules of Civil Procedure provides that valid service of process is sufficient to establish personal jurisdiction. Courts have uniformly relied upon this Rule to interpret statutes which authorize nationwide service of process as also authorizing nationwide personal jurisdiction. *See, e.g., SEC v. Ross*, 504 F.3d 1130, 1139-40 (9th Cir. 2007); *SEC v. Bilzerian*, 378 F.3d 1100, 1106 n.8 (D.C. Cir. 2004); *Action Embroidery Corp. v. Vanguard Inds. East, Inc.*, 368 F.3d 1174, 1180 (9th Cir. 2004) (Clayton Act); *In re Automotive Refinishing Paint Antitrust Litig.*, 358 F.3d 288, 293 (3d Cir. 2004) (same); *Fitzsimmons v. Barton*, 589 F.2d 330, 332 (7th Cir. 1979) (securities laws); *SEC v. Homa*, No. 99-6895, 2006 U.S. Dist. LEXIS 82638, at *8 (N.D. Ill Nov. 6, 2006) (Guzman, J.); *Allen v. Byrne*, No. 3:07-CV-601-O ECF, 2008 U.S. Dist. LEXIS 22904, at *7-9 (N.D. Tex. March 24, 2008) (securities laws); *Team Healthcare/Diagnostic Corp. v. Aetna Life Ins. Co.*, No. 3:07-CV-214-O, 2008 U.S. Dist. LEXIS 13428, at *5-10 (N.D. Tex. Feb. 22, 2008) (ERISA); *US v. Torkelson*, No. 06-5674, 2007 U.S. Dist. LEXIS 88955, at *5-6 (E.D. Pa. Dec. 3, 2007) (False Claims Act).

Section 13(b) of the FTC Act provides that "process may be served on any person, partnership, or corporation wherever it may be found."[1] Thus, as with other similar statutes,

---

[1] Although Southeast is a defendant only as to Count Six of the FTC's Complaint (alleging violations of the Truth in Lending Act ("TILA")), the FTC's power to enforce TILA is incorporated in its power to enforce the FTC Act. Section 108(c) of TILA, 15 U.S.C. § 1607(c), provides: "For the purpose of the exercise by the Federal Trade Commission of its functions and powers under the Federal Trade Commission Act [15 U.S.C. 41 et seq.], a violation of any requirement imposed under this subchapter shall be deemed a violation of a requirement imposed under that Act. ***All of the functions and powers*** of the Federal Trade Commission under the Federal Trade Commission Act are available to the Commission to enforce compliance by any person with the requirements imposed under this subchapter, irrespective of whether that person is engaged in commerce or meets any other jurisdictional tests in the Federal Trade Commission Act." (emphasis added).

courts have consistently held that, since process can be served anywhere in the United States under the FTC Act, personal jurisdiction is proper anywhere in the United States as well. *See, e.g., Lisak v. Mercantile Bancorp., Inc.*, 834 F.2d 668, 671-72 (7th Cir. 1987) (because a statute "creates personal jurisdiction by authorizing service," the nationwide service provision in § 13(b) effectively "creates personal jurisdiction over anyone within the United States"); *FTC v. Cleverlink Trading Limited*, No. 05-2889, 2006 U.S. Dist. LEXIS 45244, at *14-15 (N.D. Ill. June 19, 2006); *FTC v. Seismic Entertainment Productions, Inc.*, No. 04-377-JD, 2005 U.S. Dist. LEXIS 21899, at *2 (D.N.H. Sept. 22, 2005).[2]

In fact, Judge Darrah addressed exactly this issue in *FTC v. Bay Area Business Council, Inc.*, No. 02 C 5762, 2003 U.S. Dist. LEXIS 7261, at *7 (N.D. Ill. April 30, 2003) (Docket No. 90), the case which the FTC has argued is related to this case. In ruling on the FTC's motion to strike various affirmative defenses in *Bay Area*, Judge Darrah held that § 13(b) "provides for nationwide service of process, which means that this Court will have personal jurisdiction over the Added Defendants if there is a nexus between them and the United States." Judge Darrah then concluded that since the defendants admitted they were located in Florida, "there is a nexus between the Added Defendants and the United States, and this Court has personal jurisdiction over them." Id.

---

[2] Although Southeast does not challenge venue in its motion, it is important to note that under 28 U.S.C. § 1391(c), a corporate party shall be deemed to reside in any jurisdiction in which it is subject to personal jurisdiction. Thus, venue is also proper in the Northern District of Illinois. *See, e.g., FTC v. Bay Area Business Council, Inc.*, No. 02 C 5762, 2003 U.S. Dist. LEXIS 7261, at *7 (N.D. Ill. April 30, 2003) (Docket No. 90).

**II.       Exercising Jurisdiction Does Not Violate Notions of Due Process.**

In addition to providing for an expansive reading of jurisdiction, courts have also held that, as long as minimum contacts with the United States can be found in cases involving statutes providing for nationwide service of process, traditional notions of fair play and substantial justice are not offended. *See Diamond Mtge. Corp. of Illinois v. Sugar*, 913 F.2d 1233, 1244 (7th Cir. 1990); *Lisak*, 834 F.2d at 671 (7th Cir. 1987); *Fitzsimmons*, 589 F.2d at 332-33 (7th Cir. 1979); *Olson v. Jenkens & Gilchrist*, 461 F. Supp. 2d 710, 722 (N.D. Ill. 2006) (Castillo, J.); *Tomkins v. Forte Capital Partners*, No. 05-C- 5251, 2006 U.S. Dist. LEXIS 22341, at *7-9 (N.D. Ill. April 5, 2006) (Darrah, J.);  *SEC v. Homa*, No. 99-6895, 2006 U.S. Dist. LEXIS 82638, at *18-19 (N.D. Ill Nov. 6, 2006) (Guzman, J.).  *See also Board of Trustees, Sheet Metal Workers' National Pension Fund v. Elite Erectors, Inc.*, 212 1031, 1035-36 (7th Cir. 2000); *In re Oil Spill by The Amoco Cadiz*, 954 1279, 1294 (7th Cir. 1992); *In Re Automotive Refinishing Paint Antitrust Litigation, BASF AG and BASF Coatings Ag*, 358 F.3d 288, 298-99 (3rd Cir. 2004); *Busch v. Buchman, Buchman & O'Brien, Law Firm*, 11 F.3d 1255, 1258 (5th Cir. 1994).

**III.      This Court Has Jurisdiction Over Southeast.**

While Southeast's motion and supporting affidavit primarily address Southeast's supposed lack of contacts with Illinois, they conclusively establish minimum contacts with the United States.  The Affidavit of Anthony N. Amico (at ¶ 3) admits that Southeast is incorporated in Florida, and transacts business in Florida.[3]  Mr. Amico also admits (at ¶¶ 13-15) that Southeast's conduct with reference to the mortgages at issue in this case occurred in Florida, and

---

[3]  Because the issue is not relevant, the FTC has made no attempt to determine the veracity of Southeast's claim to have no contacts with Illinois. This does not suggest, however, that the FTC concedes the truth of that claim or any other factual claim made in Southeast's motion or in Mr. Amico's affidavit.

4

that the mortgages themselves were secured by property in Florida. Thus, there can be no doubt that Southeast has sufficient minimum contacts with the United States to support personal jurisdiction in this case. And because Southeast has the requisite minimum contacts, the requirements of due process have been satisfied.

WHEREFORE, the FTC respectfully requests that the Court deny Southeast Advertising Inc.'s motion to dismiss.

Respectfully Submitted,

WILLIAM BLUMENTHAL
General Counsel

DATED: April 25, 2008

/s/ David A. O'Toole
DAVID A. O'TOOLE
GUY G. WARD
MARISSA J. REICH
Federal Trade Commission
55 West Monroe Street, Ste. 1825
Chicago, Illinois 60603
(312) 960-5634 [telephone]
(312) 960-5600 [facsimile]
dotoole@ftc.gov
gward@ftc.gov
mreich@ftc.gov