UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**FEDERAL TRADE COMMISSION,**

    Plaintiff,

v.

**SAFE HARBOUR FOUNDATION OF FLORIDA, INC.**, a Florida corporation, *et al.*,

    Defendants.
_____/

Case Number: 1:08-cv-01185
Judge Guzman

## DEFENDANT SOUTHEAST ADVERTISING, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF FEDERAL TRADE COMMISSION'S COMPLAINT FOR INJUNCTIVE AND OTHER EQUITABLE RELIEF

The Defendant, SOUTHEAST ADVERTISING, INC. ("Southeast Advertising"), by and through its undersigned counsel, hereby files this Answer and Affirmative Defenses to the Complaint for Injunctive and Other Equitable Relief filed by the Plaintiff, FEDERAL TRADE COMMISSION ("FTC"), and states as follows:

### ANSWER

1. Admitted for jurisdictional purposes only.

2. Admitted for jurisdictional purposes only.

3. Admitted for jurisdictional purposes only.

### Parties

4. Admitted.

### Defendants

5. Unknown, therefore denied.

6. Unknown, therefore denied.

7. Unknown, therefore denied.

8. Unknown, therefore denied

9. Unknown, therefore denied

10. Admitted.

11. Unknown, therefore denied.

12. Denied.

13. Unknown, therefore denied.

14. Unknown, therefore denied.

15. Unknown, therefore denied.

16. Unknown, therefore denied.

## Defendant's Business Practices

17. Proceedings and documents of the cited case speak for themselves.

18. Proceedings and documents of the cited case speak for themselves.

19. Proceedings and documents of the cited case speak for themselves.

20. Unknown, therefore denied.

21. Unknown, therefore denied.

22. Unknown, therefore denied.

23. Unknown, therefore denied.

24. Unknown, therefore denied.

25. Unknown, therefore denied.

26. Unknown, therefore denied.

27. Unknown, therefore denied.

28. Unknown, therefore denied

29. Unknown, therefore denied.

30. Admitted.

31. Unknown, therefore denied.

32. Admitted as to content of regulations.  Otherwise unknown, therefore denied.

33. Unknown, therefore denied.

### Count One – Asset-Based Lending

34. Unknown, therefore denied.

35. Unknown, therefore denied.

### Count Two – Prohibited Balloon Payment

36. Unknown, therefore denied.

37. Unknown, therefore denied.

### Count Three – Prohibited Negative Amortization

38. Unknown, therefore denied.

39. Unknown, therefore denied.

### Count Four – HOEPA Disclosure Violations

40. Unknown, therefore denied.

    a. Unknown, therefore denied.

        i. Unknown, therefore denied.

        ii. Unknown, therefore denied.

    b. Unknown, therefore denied.

### Count Five – Deceptive Representations

41. Unknown, therefore denied.

42. Unknown, therefore denied.

43. Unknown, therefore denied.

## Count Six – TILA Disclosure Violations

44. Denied as to Southeast Advertising.  Otherwise unknown, therefore denied.

    a.  Denied as to Southeast Advertising.  Otherwise unknown, therefore denied.

    b.  Denied as to Southeast Advertising.  Otherwise unknown, therefore denied.

        i.  Denied as to Southeast Advertising.  Otherwise unknown, therefore denied.

        ii. Denied as to Southeast Advertising.  Otherwise unknown, therefore denied.

        iii. Denied as to Southeast Advertising.  Otherwise unknown, therefore denied.

        iv. Denied as to Southeast Advertising.  Otherwise unknown, therefore denied.

        v.  Denied as to Southeast Advertising.  Otherwise unknown, therefore denied.

        vi. Denied as to Southeast Advertising.  Otherwise unknown, therefore denied.

## Injury

45. Denied as to Southeast Advertising.  Otherwise unknown, therefore denied.

## This Court's Power to Grant Relief

46. Admitted as to Court's authority.  Otherwise denied.

## AFFIRMATIVE DEFENSES

**Affirmative Defense # 1**

For and as a complete affirmative defense to all allegations made by the FTC, Southeast Advertising would assert that there is no culpable conduct on its part in that it was simply a bona fide purchaser in good faith of an existing mortgage, and that it had no authority to review or modify any previously executed mortgage, or create, participate in dissemination of, or review any marketing materials, all of which would have resulted in consumer reliance prior to Southeast Advertising's assignment.

**Affirmative Defense #2**

Southeast Advertising states that it is entitled to a setoff for all losses incurred subsequent to discontinuance and abatement of any payment from any consumer after being notified of the FTC's concerns with the subject mortgages assigned.

**Affirmative Defense #3**

Southeast Advertising states that the FTC is barred from recovery because, at all times relevant hereto, Southeast Advertising was acting in good faith.

**Affirmative Defense #4**

Southeast Advertising states that the FTC's causes of action are barred by the doctrine of laches, estoppel, and/or waiver.

**Affirmative Defense #5**

Southeast Advertising states that the FTC's claims are barred because it has failed to exhaust its administrative remedies.

**Affirmative Defense #6**

Southeast Advertising states that any monetary relief is subject to offset by the benefits received by consumers, costs associated with the subject mortgages assigned, and/or refunds paid to consumers. Moreover, any monetary relief requested that would go to the federal government should be reduced by what Southeast Advertising has paid in taxes and in postage to the federal government.

**Affirmative Defense #7**

Southeast Advertising states that it reasonably relied in good faith on information, advice, and directions supplied by others.

**Affirmative Defense #8**

Southeast Advertising states that the monetary penalties the FTC seeks under the guise of "disgorgement" and "restitution" are unavailable and improper as "consumer redress" or otherwise in this case.

**Affirmative Defense #9**

Southeast Advertising states that the FTC's actions in this matter have been arbitrary and capricious.

**Reservation of Rights**

Southeast Advertising reserves the right to assert additional affirmative defenses that may become apparent during discovery.

WHEREFORE the Defendant, Southeast Advertising, Inc., prays for judgment against the Plaintiff, as follows:

1. That Plaintiff take nothing by way of its Complaint;

2. That the Court dismiss, with prejudice, the Complaint and each purported cause of action therein;

3. That Southeast Advertising be awarded the costs of defending the suit, including attorney's fees pursuant to the Recovery of Awards Under the Equal Access to Justice Act; and

4. For such other and further relief as this Court may deem just and proper.

Respectfully submitted,

/s/ Luke Lirot, Esq.
Luke Lirot, Esq.
Florida Bar Number 714836
Luke Charles Lirot, P.A.
2240 Belleair Road, Suite 190
Clearwater, Florida 33764
Telephone: (727) 536-2100
Facsimile: (727) 536-2110
Email: luke2@lirotlaw.com
Co-Counsel for Southeast Advertising, Inc.

And for

Wayne B. Giampietro, Esq.
Stitt, Klein, Daday, Aretos & Giampietro, LLC
2550 W. Golf Road, Suite 250
Rolling Meadows, Illinois 60008
Telephone: (847) 590-8700
Facsimile: (847) 590-9825
Email: wgiampietro@skdaglaw.com
Co-Counsel for Southeast Advertising, Inc.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via electronic filing to all counsel of record, and has been furnished via U.S. mail to Peter Porcelli, II, 07734-025, FPC Montgomery, Federal Prison Camp, Maxwell Air Force Base, Montgomery, Alabama 36112; Christopher Tomasulo, 873 West Bay Drive, #136, Largo, Florida 33770; and Thomas C. Little, Registered Agent for Silverstone Lending LLC and Silverstone Financial LLC, 2123 NE Coachman Road, Suite A, Clearwater, Florida 33765, on this 22nd day of September, 2009.

              /s/ Luke Lirot, Esq.
              Luke Lirot, Esq.
              Florida Bar Number 714836